**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-2172**

———————

DIANE VON FURSTENBERG STUDIO,

        Plaintiff - Appellee,

    v.

CATHERINE SNYDER, d/b/a Cathy 3254, d/b/a
katrina3254@vendio.com, d/b/a katrina3254@mailstep.com, d/b/a
Fairfax Trading Company,

        Defendant - Appellant,

    and

JOHN DOES, 1-15; XYZ CORPORATIONS, 1-15,

        Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:06-cv-01356-JCC)

———————

Submitted:  September 3, 2008    Decided:  September 18, 2008

———————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Catherine Snyder, Appellant Pro Se.  Kevin B. Bedell, Janet Shih
Hajek, GREENBERG & TRAURIG, LLP, McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catherine Snyder appeals the district court's order entering judgment against her on Plaintiff's trademark infringement claim under 15 U.S.C. § 1114 (2000), trademark dilution claim under 15 U.S.C.A. § 1125(c) (West 1998 & Supp. 2008), and under Virginia common law.  We have reviewed the record and find no reversible error.  Accordingly, we affirm the district court's judgment.  <u>See</u> <u>Diane Von Furstenberg Studio v. Snyder</u>, No. 1:06-cv-01356-JCC (E.D. Va. filed Oct. 23, 2007; entered Oct. 24, 2007).[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]We note that the district court erred in holding that the Plaintiff's registration provided Snyder with constructive notice for the purposes of the damages award.  This error was harmless, however, because Plaintiff was entitled to elect statutory damages even if Snyder had no actual notice of the registration of Plaintiff's mark.  <u>See</u> 15 U.S.C. §§ 1116(d)(1)(B)(I), 1117(c) (2000).